IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHNATHAN PRESS, | § § § | |
| Plaintiff, | § § | Civil Action No. 4:20-cv-2858 |
| -v- | § § | Jury Demanded |
| PRO DRIVE AXELS and JAE W. JUNG, | § § § | |
| Defendants. | § | |

PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW COMES Plaintiff Johnathan Press and files his Original Complaint against Pro Drive Axels and Jae W. Jung, in his official and individual capacity as owner and operator of Pro Drive Axels (collectively referred to as "Defendants"), and alleges as follows:

I.
SUMMARY

This is a simple case of wage theft. Defendants pay Plaintiff, who is a mechanic, a weekly fixed salary regardless of the work he performs. Defendants require Plaintiff to work 48 hour per week but fail to pay him overtime for hours worked over 40. A fixed salary for a regular workweek longer than 40 hours does not discharge the requirement under the Fair Labor Standards Act to pay overtime for hours worked over 40. For these reasons, Plaintiff seeks unpaid wages, liquidated damages, attorney fees, and all other relief permitted.

## II.
## JURISDICTION AND VENUE

1. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331. This action is being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Venue is proper because a substantial part of the events or omissions giving rise to the claim occurred in this District, and Defendants are subject to personal jurisdiction in Texas.

## III.
## PARTIES

2. Defendant Pro Drive Axels is a Sole Proprietorship that does business in this District. Defendant Pro Drive Axels is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1). Defendant Pro Drive Axels can be served with process through its owner, Jae W. Jung, at 8626 Antelope Dr., Houston, Texas 77063.

3. Defendant Jae W. Jung is a sole owner and operator of Pro Drive Axels. Jae W. Jung is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1). Defendant may be served with process by serving Jae W. Jung, at 26419 Katy Springs Ln., Katy, Texas 77494 or wherever Defendant may be found.

4. Plaintiff Johnathan Press is a resident of Texas and worked for Defendant out of Harris County, Texas. Mr. Press was "engaged in commerce" as required by the FLSA, 29 U.S.C. §§ 206-07.

## IV.
## FACTS

5. Mr. Press first started working for Defendants in April 2016.

6. Defendants still presently employee Mr. Press.

7. Mr. Press is a mechanic.

8. Throughout his employment, Defendants have required Mr. Press to work 48 hours per week.

9. For the 48 hours of work per week, Defendants pay Mr. Press a weekly rate no matter what work he does.

10. From April 2016 to April 2017, Defendants paid Mr. Press a weekly rate of $450, a regular rate of $9.38. Defendants owed Mr. Press an additional $37.52 per week.

11. From April 2017 to approximately June or July of 2018, Defendants paid Mr. Press a weekly rate of $500, a regular rate of $10.42. Defendants owed Mr. Press an additional $41.68 per week.

12. From approximately June or July of 2018 to September 2018, Defendants paid Mr. Press a weekly rate of $550, a regular rate of $11.46. Defendants owed Mr. Press an additional $45.84 per week.

13. From September 2018 to present, Defendants have paid Mr. Press a weekly rate of $575, a regular rate of $11.98. Defendants owed Mr. Press an additional $47.92 per week.

14. Defendants have never paid Mr. Press overtime for hours worked over 40 hours in a workweek.

15. Accordingly, Defendants have failed to pay Mr. Press overtime pay to which he is entitled.

16. These practices violate the provisions of the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* As a result of these unlawful practices, Plaintiff suffered a loss of wages.

17. Defendants are fully aware of all employment-related laws and regulations, including the FLSA. Therefore, Defendants had knowledge or reckless disregard for the fact that their failure to pay their employees appropriate overtime compensation was in violation of the law.

18. All conditions precedent to the filing of this suit have been satisfied.

## V.
## FAIR LABOR STANDARDS ACT VIOLATIONS

19. Plaintiff incorporates the preceding paragraphs as if restated herein.

20. Plaintiff was "suffered or permitted to work" by Defendants during the relevant time period.

21. Defendants jointly employed Plaintiff.

22. Defendants are engaged in commerce.

23. Defendants require Plaintiff to work 48 hours per week for a fixed weekly salary.

24. Defendants failed to pay Plaintiff overtime for hours in excess of 40 per week.

25. By failing to properly pay overtime, Defendants violated the Federal Fair Labor Standards Act.

26. Because of the actions of Defendants, Plaintiff suffered damages within the jurisdictional limits of this Court.

## VI.
## JURY DEMAND

27. Plaintiff hereby makes a demand for a trial by jury on all issues, claims, and defenses in this action.

## VII.
## PRAYER FOR RELIEF

26. Plaintiff seeks all damages allowed under the Fair Labor Standards Act, including:

   A. Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate for each hour worked over 40;

   B. Judgment against Defendants that their violations of the FLSA were willful;

   C. An equal amount to the wage damages as liquidated damages;

   D. To the extent that liquidated damages are not awarded, an award of prejudgment interest;

   E. All costs incurred and reasonable attorneys' fees for prosecuting these claims; and

   F. For such further relief as the Court deems just and equitable.

WHEREFORE, premises considered, Plaintiff respectfully prays that Defendants be summoned to appear and that, upon a trial on the merits, all relief requested be awarded to Plaintiff, and for such other and further relief to which Plaintiff is justly entitled.

Respectfully submitted,

*/s/ Julie L. St. John*
Julie L. St. John (attorney-in-charge)
Texas Bar No. 24106460
S.D. Texas Bar No. 3139258
Robert J. Wiley*
Texas Bar No. 24013750
S.D. Texas Bar No. 596499
*Board Certified in Labor and Employment Law by the Texas Board of Legal Specialization*

WILEY WHEELER, P.C.
1651 Richmond Ave.
Houston, Texas 77006
Telephone: (713) 337-1333
Facsimile: (713) 337-1334
jstjohn@wiley-wheeler.com

ATTORNEYS FOR PLAINTIFF